HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, <br><br> Plaintiff, <br><br> v. <br><br> STEELER, INC. <br><br> Defendant. | No. 2:14-cv-00729-RSL <br><br> **AMENDED CONSENT DECREE** [~~PROPOSED~~] |

## I.   STIPULATIONS

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") sent a sixty-day notice of intent to sue letter to Defendant Steeler, Inc. ("Steeler") on or about March 14, 2014, and filed a complaint on May 15, 2014, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from Steeler's facility in Seattle, Washington, and seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs.

Soundkeeper and Steeler agreed that settlement of this matter was in the best interest of the parties and the public, and entered a Consent Decree on July 19, 2016.

Under section II.7(d) of the Consent Decree, Steeler was to complete construction and full implementation of the Best Management Practices called for in the Compliance Plan by

AMENDED CONSENT DECREE [PROPOSED] <br>
No. 14-729-RSL <br>
p. 1 <br>
6023 002 nf093s03wd

Smith & Lowney, p.l.l.c. <br>
2317 East John St. <br>
Seattle, Washington 98112 <br>
(206) 860-2883

September 30, 2016. Due to a variety of factors, a different treatment system was selected and the completion date was delayed. Puget Soundkeeper Alliance and Steeler have since conferred and believe that this Amended Consent Decree is the most appropriate means of resolving all issues and disputes associated with this delay.

Steeler paid $20,000 to the Rose Foundation as required by Consent Decree section 8. Steeler paid $45,000 to Smith & Lowney PLLC as required by Consent Decree section 9.

Steeler contracted with Lean Environment to prepare a Stormwater Engineering Report dates August 29, 2016 (hereinafter "Lean Engineering Report") describing installation of an Enpurion MT stormwater treatment system. Washington Department of Ecology (Ecology) approved the Lean Engineering Report on September 7, 2016. Soundkeeper's expert Bill Lider, Lider Engineering PLLC, reviewed and provided comment on the report on October 26, 2016. Steeler's consultant Michael Johnson, Lean Environment, responded to Soundkeeper's comments on the report on November 3, 2017. Steeler completed installation of the Enpurion MT stormwater treatment system on November 18, 2016. A copy of the Lean Engineering Report is attached to this Amended Consent Decree as Appendix 1.

Soundkeeper and Steeler stipulate to the entry of this Amended Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Puget Soundkeeper Alliance's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 9th day of June, 2017.

AMENDED CONSENT DECREE [PROPOSED]
No. 14-729-RSL
p. 2
6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

| | |
|---|---|
| JOYCE ZIKER PARKINSON, PLLC | SMITH & LOWNEY PLLC |
| By *s/ Stephen R. Parkinson* <br> Stephen R. Parkinson, WSBA #21111 <br> Attorneys for Defendant Steeler, Inc. | By *s/ Richard A. Smith* <br> Richard A. Smith, WSBA #21788 <br> Attorneys for Plaintiff Puget Soundkeeper Alliance |
| STEELER, INC. | PUGET SOUNDKEEPER ALLIANCE |
| By _____ <br> Matt F. Surowiecki <br> President | By _____ <br> Chris Wilke <br> Puget Soundkeeper Alliance, Executive Director |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Amended Consent Decree applies to and binds the parties and their successors and assigns.

4. This Amended Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Steeler of its facility located at or about 1002 Martin Luther King Jr. Way S., Seattle, WA 98178 ("Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR125358 ("NPDES permit").

5. This Amended Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notice and all other claims known and unknown,

AMENDED CONSENT DECREE [PROPOSED] <br>
No. 14-729-RSL <br>
p. 3

Smith & Lowney, p.l.l.c. <br>
2317 East John St. <br>
Seattle, Washington 98112 <br>
(206) 860-2883

| JOYCE ZIKER PARKINSON, PLLC | SMITH & LOWNEY PLLC |
|---|---|
| By *s/ Stephen R. Parkinson*<br>Stephen R. Parkinson, WSBA #21111<br>Attorneys for Defendant Steeler, Inc. | By *s/ Richard A. Smith*<br>Richard A. Smith, WSBA #21788<br>Attorneys for Plaintiff Puget Soundkeeper Alliance |
| STEELER, INC. | PUGET SOUNDKEEPER ALLIANCE |
| By _____<br>Matt F. Surowiecki<br>President | By *(signature)*<br>Chris Wilke<br>Puget Soundkeeper Alliance, Executive Director |

## II.  ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Amended Consent Decree applies to and binds the parties and their successors and assigns.

4. This Amended Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Steeler of its facility located at or about 1002 Martin Luther King Jr. Way S., Seattle, WA 98178 ("Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR125358 ("NPDES permit").

5. This Amended Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notice and all other claims known and unknown,

AMENDED CONSENT DECREE [PROPOSED]
No. 14-729-RSL
p. 3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

contingent or otherwise, for any acts or omissions, existing as of the date of entry of this Amended Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility against Steeler, its subsidiaries, employees, agents, successors and assigns. These claims are released and dismissed with prejudice.

6. This Amended Consent Decree is a settlement of disputed facts and law.

7. Steeler agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Amended Consent Decree:

   a. Steeler will comply fully with all conditions of its NPDES Permit and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility;

   b. No later than July 1, 2017, Steeler will have its consultant update its stormwater pollution prevention plan ("SWPPP") to meet the requirements of the 2015 ISGP, correct the deficiencies, and incorporate the requirements of the Lean Engineering Report and provide Soundkeeper with an electronic copy of the updated SWPPP;

   c. No later than July 1, 2017, Steeler will have its consultant revise its Operation & Maintenance (O&M) Manual to accurately reflect the new treatment system and all associated Best Management Practices (BMPs) and required ongoing maintenance and provide Soundkeeper with an electronic copy of the revised O&M Manual.

   d. Steeler will continue to monitor its stormwater discharges from its outfall, and conduct process sampling inside the system to evaluate the efficacy of the various treatment layers, at least once per month through December 31, 2017, subject to a stormwater discharge event occurring during the month, to determine whether the Lean Engineering Report improvements eliminate exceedances of the benchmarks. For the

AMENDED CONSENT DECREE [PROPOSED]
No. 14-729-RSL
p. 4

6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

purposes of this subparagraph, a valid sample is one taken within the first 12 hours of a stormwater discharge event and that is representative of the discharge, and otherwise taken and analyzed in conformity with the requirements of NPDES permit condition S4. For the purposes of this subparagraph, Steeler may average monitoring results of multiple valid samples that are taken within the same month. Steeler must provide all sampling data to Soundkeeper no later than the 15th day of the month following each sample.

  e. Steeler agrees to waive ISGP condition S8.D5(e), and not to request an extension or waiver pursuant to ISGP condition S8.D5(c). If Steeler exceeds three benchmarks in 2017, Steeler agrees that such failures will trigger the requirement to engineer and install additional treatment best management practices (BMPs) with the goal of achieving the applicable benchmark values. In accordance with ISGP condition S8.D.3(b), Steeler must submit an engineering report detailing the new treatment BMPs no later than May 15, 2018. In accordance with ISGP condition S8.D5, Steeler must install and implement the new treatment BMPs no later than September 30, 2018;

  f. Steeler will allow Soundkeeper and its expert(s) to inspect the facility at a mutually agreeable time to observe Steeler's implementation of this Consent Decree, including compliance with the new SWPPP, O&M Manual, BMPs, and the NPDES permits, subject to an access agreement mutually agreed upon by the Parties. Steeler will pay for the reasonable costs of Soundkeeper's expert(s) for this inspection, not to exceed $2,000, within fourteen (14) days of receipt of Soundkeeper's expert's invoice.

  g. For a period of three (3) years commencing on the effective date of this Amended Consent Decree, Steeler will, no later than the discharge monitoring report due dates specified by the Permit, send to Soundkeeper, without charge, copies of all

AMENDED CONSENT DECREE [PROPOSED]  
No. 14-729-RSL  
p. 5  
6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

documents, including but not limited to discharge monitoring reports, correspondence, engineering reports, electronically transmitted information, and inspection reports, concerning the Permit or any successor, modified, or replacement permit that Steeler has transmitted to, or received from the Washington Department of Ecology since the previous submission to Soundkeeper under this paragraph.

8. Not later than seven (7) days after the entry of this Amended Consent Decree by this Court, Steeler will pay twenty five hundred dollars ($2,500) to the Rose Foundation for the Environment for a project or projects to improve or protect the water quality of Puget Sound as described in **Appendix II** to this Consent Decree. Checks will be made to the order of and delivered to: Rose Foundation for the Environment, 1970 Broadway, Suite 600, Oakland, CA 94612-2218. Payment will include the following reference in a cover letter or on the check: "Amended Consent Decree; Puget Soundkeeper Alliance v. Steeler, Inc." A copy of the check and cover letter, if any, will be sent simultaneously to Soundkeeper and its counsel.

9. Within seven (7) days of entry of this Amended Consent Decree by the Court, Steeler shall pay Soundkeeper's actual litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) incurred in this matter in the amount of four thousand five hundred dollars ($4,500) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. Steeler's payment shall be in full and complete satisfaction of any claims Soundkeeper has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the resolution of the consent decree dispute issues arising prior to the date of the proposed Amended Consent Decree.

10. This Court retains jurisdiction over this matter. And, while this Amended Consent

AMENDED CONSENT DECREE [PROPOSED]
No. 14-729-RSL
p. 6

6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Amended Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Amended Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute as provided in section II.17 of this Amended Consent Decree. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Amended Consent Decree.

11. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency (EPA). Therefore, upon the filing of this Amended Consent Decree by the parties, Soundkeeper will serve copies of it upon the Administrator of the EPA and the Attorney General, with copy to Steeler.

12. This Amended Consent Decree will take effect upon entry by this Court. It terminates three (3) years after that date, or 90 days after the parties' completion of all obligations imposed by this Amended Consent Decree, whichever is later.

13. Both parties have participated in drafting this Amended Consent Decree.

14. This Amended Consent Decree may be modified only upon the approval of the Court.

15. If for any reason the court should decline to approve this Amended Consent

AMENDED CONSENT DECREE [PROPOSED]  
No. 14-729-RSL  
p. 7  
6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

Decree in the form presented, this Amended Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Amended Consent Decree.

16.    Notifications required by this Amended Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to Puget Soundkeeper Alliance:**

Katelyn Kinn
130 Nickerson Street, Suite 107
Seattle, WA 98109
email: katelyn@pugetsoundkeeper.org

**and to:**

Richard Smith
Smith & Lowney PLLC
2317 East John St.
Seattle, WA   98112
email: rasmithwa@igc.org

**if to Steeler:**
Mike Dollard

**and to:**

Stephen R. Parkinson
JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040

AMENDED CONSENT DECREE [PROPOSED]
No. 14-729-RSL
p. 8

6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Seattle, WA 98101
Email: sparkinson@jzplaw.com

A notice or other communication regarding this Amended Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Amended Consent Decree.

DATED this 6th day of Sept., 2017.

_____
HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

JOYCE ZIKER PARKINSON, PLLC          SMITH & LOWNEY, PLLC

By *s/ Stephen R. Parkinson*             By *s/ Richard A. Smith*
Stephen R. Parkinson, WSBA #21111        Richard A. Smith WSBA #21788
Attorneys for Defendant Steeler, Inc.    Meredith A. Crafton WSBA #46558
                                         Attorneys for Plaintiff
                                         Puget Soundkeeper Alliance

AMENDED CONSENT DECREE [PROPOSED]
No. 14-729-RSL
p. 9
6023 002 nf093s03wd

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883